CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2022 MAY 5 P 2:41

UNITED STATES DISTRICT COURT
District of New Jersey

United States of America . . .

v                    : CASE NO: 2:12-CR-00298-ES-1

Farad Roland . . . . .

Motion Requesting Reduction of Sentence
Pursuant to Section 404 of the First Step Act

To the Honorable Court:

Here Comes Now, Defendant, Farad Roland (hereinafter "Mr Farad") Pro se movant very respectfully moves this Honorable Court for a Reduction of Sentence pursuant to Section 404 of the First Step Act and states and prays as follows:

" A human being can live about 40 days without food, about three days without water, about eight minutes without air, but only for one second without hope and faith in God.

## Preliminary Statement

On 5/4/2012 Farad Roland was indicted to a variety of counts before the Court and on the motion of the United States, the Court has dismissed Counts 3, 4, 5, 6, 7, 8, 9, 10, 12, 16, 18, and 26

The defendant Farad Roland at that time pleaded guilty to the following Counts 1, 2, 11, 15, 17, 25, and 27 of the Second Superseding Indictment on 1/26/18 and accordingly, the Court has adjudicated that the defendant was guilty of the following offense(s)

| Statute | Offense | Count |
|---|---|---|
| 18: 1962 (c) & 2 | Racketeering Conspiracy | Count 1 |
| 18: 1962 (d) | Racketeering Conspiracy | Count 2 |
| 18: 2119 & 2 | Carjacking | Count 11 |
| 18: 1951 (a) & 2 | Hobbs Act Robbery | Count 15 |
| 18: 1959 (a)(3) & 2 | Assault with a Deadly Weapon in Aid of Racketeering | Count 17 |
| 18: 1959 (a)(3) & 2 | Assault with a Deadly Weapon in Aid of Racketeering | Count 25 |
| 21: 846 | Conspiracy to Distribute Cocaine Base and Heroin | Count 27 |

2

The defendant ROLAND was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 540 months. Imprisonment for a term of 540 months on each of counts 1, 2, and 27 that being 18: 1962 (c) and (2) 18: 1962 (d) and 21: 846 Conspiracy to Distribute Cocaine base (Crack Cocaine)

The defendant ROLAND was also sentenced to a term of 180 months on count (11) 18: 2119 and 2 Carjacking and 240 months on each count 15, 17, and 25 that being 18: 1951 (a) and (2) Hobbs Act Robbery... 18: 1959 (a) (3) and (2) Assault with a deadly weapon in Aid of Racketeering... 18: 1959 (a) (3) and (2) Assault with a Deadly weapon in Aid of Racketeering all such terms to run concurrently.

However After the Court Sentenced defendant ROLAND on Tuesday, June 12. 2018 the Senate Judiciary Committee on December 3, 2018 passed the First Step Act to eliminate disparity by recognizing that the penalty scheme for Crack Cocaine offenses were far too harsh and had a disparate impact on African Americans. See Dorsey v. United States, 567 U.S. 260 268-69 (2012) So Congress Created A Remedy

3

In Section <u>404</u> of the First Step Act of 2018 to retroactively reduce sentences that were imposed when the pre-August 3, 2010 Congress enactment to the Fair Sentencing Act of 2010 ("FSA") penalty structure still applied. Senator Lee one of the primary sponsors, put it plainly:

> I see no good reason why we should not make available the protections of the Fair Sentencing Act that were adopted a few years ago. If this was ok for prospective cases, why shouldn't it be ok with respect to cases in which people have already been sentenced? ... I think most USCA 4 Appeal: <u>19-6721</u> Doc: 7 Filed: 06/25/2019 Pg: 15 of 36 Americans would acknowledge [these defendants] have been punished excessively.

Surely the Court can see that defendant Roland was punished excessively for his crimes

And the Senate Judiciary Committee explained simply:

> The Fair Sentencing Act of 2010 reduced the disparity in sentencing between crack and ...

4

And powder cocaine. This provision permits offenders sentenced under those provisions before they were modified to petition the Sentencing Court for a reduction in sentence consistent with the new crack cocaine sentencing law. STAFF OF S. Comm on the Judiciary, 115th Cong., Section-By-Section of the First Step Act of 2018 (S. 3649) 6 (Dec. 3, 2018). https://www.judiciary.senate.gov/imo/media/doc/S.%203649%20-%20First%20Step%20Act%20Section-by-Section.pdf.

On December 21, 2018, Congress officially passed the Act and the then President of the United (2019 U.S. Dist. Lexis 6) States, Donald J. Trump, signed into law, the First Step Act of 2018 Pub. L. No 115-391, 132 Stat. 5194

Defendant Roland also states as the government conceded in United States v Quinne Powell 2019 U.S. Dist. Lexis 171895 on page(5) "If the Court Finds that Counts three, Four and Six (21: U.S.C. §§ 841(a)(1) 841(b)(1)(A) and 846. Conspiracy to Possess with

intent to distribute 50 grams or more of cocaine base) are covered offenses, then "it follows that Counts One and Two (18 U.S.C § 1962(c), Racketeering in Corrupt Organization ("RICO") and RICO Conspiracy are covered offenses because the statutory maximum penalty on the RICO Counts is 'teithered' to racketeering Acts One and Two, the crack-cocaine conspiracy counts."

Defendant Roland allege that 21:846 conspiracy to distribute cocaine base (crack) are covered offenses which teithered 18:1962 (c) and 2 RICO Counts One and Two which also makes these counts covered offenses and the driving forces behind the 21:846 count.

SEC. 404 APPLICATION OF FAIR SENTENCING ACT

(a) Definition of Covered Offense — In this Section, the term "Covered offense" means a violation of a federal criminal statute, the penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372, that was committed before August 3, 2010

(b) Defendants Previously SENTENCED — A Court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the Court, impose a reduced sentence as USCA4 Appeal: 19-6721 Doc: 7 Filed 06/25/2019 Pg 16 of 36 if section 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS — No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made under this section 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to

7

require a court to reduce any sentence pursuant to this section

The Fair Sentencing Act, signed August 3, 2010, reduced the disparity between crack and powder cocaine sentences by reducing the crack cocaine / powder cocaine ratio from 100:1 to 18:1 Section 2 of the FSA implemented the new 18:1 ratio throughout the penalty provision of 21 U.S.C. § 841 (b)(1) by increasing the amount of crack necessary to support the statutory range for convictions under § 841 (b)(1)(A) from Five to 28 grams, and for convictions under § 841 (b)(1)(C) from less than Five grams to less than 28 grams See Pub. L. NO-111-220, § 2, 124 Stat. 2372 (2010)

## ARGUMENT

Defendant Roland Now Request this Honorable Court to reduce his sentence under the First Step Act where the main purpose of the Act is to liberally provide relief from severe penalties See United States v. Allen, NO. 3:96-CR-00149-RNC-3 2019 WL 187072 At *3 (D. Conn. Apr 26 2019 See. United States v Rose, -- F Supp 3d -- NO. 03-CR-1501, 2019 WL 2314479

at *4 (S.D.N.Y. May 24. 2019) (given) Additionally, the rule of lenity should apply when interpreting the First Step Act to meet the rule of lenity should apply when interpretting the First Step Act to meet the objectives of Congress, imposing less severe penalties for this type of drug crime. Allen, 2019 WL 1877072 at *3 United States v. Paulino No. 03-CR-0274 JAP, 2019 WL 2437214 * at *4 (D.N.M. June 11, 2019)

Moreover, as noted by one court "It is unlikely that Congress intended to give district courts unbounded or unreviewable discretion to grant or deny relief under the First Step Act See Easter 975 F. 3d at 327 (Noting that § 404(b) permits, but does not require, a district court to impose a reduced sentence). But the Court must begin from an accurate starting point - the proper Guidelines range - in making that determination. see id. (holding that a district Court "must consider the factors Congress has prescribed to provide assurance that it is making an individualized determination. See United States v Easter 975 F. 3d 318 (2020) (3rd Circuit)

9

See United States v Ancrum, No 5:02-CR 30020 2019 WL 2110589 At *4-*5 (W.D. Va. May 14, 2019), where the District Court Found that where the mandatory minimum sentence of life had been reduced to a statutory minimum of 120 months and Guideline range of 360-life, the district court rejected the government's argument that the Court refrain from applying the First Step Act and precedential Supreme Court law based on a very detailed consideration of the § 3553(a) factors I.d.

See Also United States v Curry No. 5:02-CR-50087, 2019 WL 6826528, At *4 (W.D. La. Dec. 13, 2019), Where the district Court found nothing in the text of statute, the legislative history or jurisprudence indicating Congress intended to limit the Court's authority to "impose a reduced sentence" under the First Step Act beyond the limits expressly set forth therein. This interpretation comports with the vast majority of Courts that have addressed this issue, which have likewise found the language of the First Step Act indicates Congress' intent to tie eligibility to a defendant's statute of conviction rather than his or her conduct See e.g., United States v. Wirsing, 943 F. 3d 175 185-86 (4th Cir 2019); United States v. McDonald, 944 F. 3d 769, 771-72 (8th Cir 2019); United States v. Beamus 943 F. 3d ..

789, 792 (6th Cir 2019) United States v Hegwood, 934 F.3d 414, 417 (5th Cir 2019) (Assuming without deciding that the statute-of-conviction controls); United States v. Davis, 2019 WL 1054554 *2 (W.D.N.Y 2019); Rose, 379 F. Supp.3d at 230 (collecting cases);

Furthermore, in United States v. Opher 2019 WL 3297201, at *11-12 (D. N.J. July 23, 2019) the Court deeply discuss First Step Act eligibility determining observing within other things that the eligibility is determined by the statute within which the defendant was charged in the indictment, s "The thrust of [Section 404] of the First Stem Act is sentence reform; eligibility springs from a 'covered offense' not from being a 'covered offender'. Moreso over, the Court went as far as to approve that sentence reduction under 18 U.S.C. § 3582 (c)(2) " [S]ection 404 (b) of the First Step Act contains a broader grant of authority to impose a reduced sentence as if Section 2 and 3 of the Fair Sentencing Act of 2010' were in effect," by relying on United States v. Dodd 372 Supp. 3d 795, 797 (S.D. Iowa 2019) (emphasis added)

11

As. Judge Robert Pratt observed in Dodd, the fact that, under 18 U.S.C § 3582 (c)(2) Supreme Court Sentencing jurisprudence do[es] not trigger a right to relief retroactively on collateral review, is distinct from whether [it] appl[ies] to proceedings independently authorized [ by Congress ] under the First Step Act" Dodd, 372 F. Supp. 3d. at 798 (citation omitted). Critically, the Court also found that in creating the First Step Act's independently authorized procedures, a court must presume that Congress legislated in light of current Constitutional requirements, quoting Henderson 399 F. Supp 3d at 654 N. 8, 2019 WL 3211532 at * 4 N. 8, (rejecting the argument that, because Congress did not expressly authorize retroactive application of Alleyne under the First Step Act, it does not apply) Also see United States v. Stanback 377 F. Supp. 3d 618, 623 (W.D. VA 2019) United States v. Graves No. 04-070, 2019 WL 3167746 at * 2 (E.D. Tenn July 15, 2019) United States v. VanBuren No. 00-00066-1 WL 3082725 at * 3 (W.D. VA July 15

Defendant Roland was not only convicted of the drug conspiracy counts - he was also convicted of two counts of RICO conspiracy...

The <u>RICO Conspiracy</u> along with the heroin and crack violations can very well be addressed together as part of a single sentencing package, and these offenses are inextricably related. The Court therefore has the authority to reduce Mr. Roland 540 month sentences he'd received for these offenses. See Triestman, 178 F. 3d at 630 ("We therefore hold that the district court had the authority under § 2243 to dispose of the matter as law and justice require, and that this authority included the power to resentence Triestman to the overall term that he would have received on his interdependent sentencing package absent his unlawful § 924(c) conviction."); see also id at 631-32 (collecting cases)

Thus if the Court finds Count 27 to be a covered offense then "it follows that Counts One and Two are also 'covered offenses' because the statutory maximum penalty on the RICO counts is tethered to racketeering Act within the indictment. See Powell 2019 U.S. Dist. LEXIS 171895, 2019 WL 4889112 at *5

## Relief

Defendant Roland Request this Honorable Court to Reduce his extremely harsh sentence for he continue to pray to God for such relief where he will be able to see his children and family to prove not only to himself but those who love him the most that throughout the years he had served already that he has sincerely made efforts to change his life completely around for we all make mistakes in our life but he never imagine that the decisions and mistakes that he had made in his youthful life would render such harsh sentence as the sentence he had received for his actions.

Therefore he prays for a reasonable sentence reduction that this honorable court feel will be appropriate.

4/25/22

Sincerely
Farad Roland

FARAD ROLAND
# 64482-050
P O BOX 3900
Adelanto CA, 92301

CERTIFICATE OF SERVICE

I, Farad Roland, pro'se movant with very little knowledge of the law hereby certify under the penalty of perjury pursuant § 1746 that I had someone to assist me with filing this motion in which I will surely need further legal aid assistance with in future proceedings.

I, also hereby certify that on this 4 month 25th day 2022 that I have provided the following with a complete hand written copy/version of motion requesting Reduction of Sentence pursuant to section 404 of the First Step Act.

Clerk of Court
The Hon. Esther Salas
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

Farad Roland
# 64482-050
PO BOX 3900
Adelanto CA, 92301

Farad Roland